VERA S. FULLER, APPELLANT, v. HOWARD FULLER, RESPONDENT.

No. 3383

November 30, 1942.                    131 P. (2d) 727.

Robert Taylor Adams, of Reno, for Appellant.

Donnell Richards, of Virginia City, for Respondent.

## OPINION

By the Court, DUCKER, C. J.:

Appellant was defendant in the court below in an action in which respondent sought a divorce from her. He failed to obtain a divorce, and a decree of divorce was granted appellant on the ground of extreme cruelty. She has taken an appeal from parts of the decree and from the order denying her motion for a new trial.

She makes this motion for an order requiring respondent to pay to her the sum of $150 per month pendente lite for her support; the sum of $50 for the preparation of the record on appeal, and the sum of $300 as an attorneys fee for her attorney.

Appellant's motion is supported by her affidavit in which it is averred that the court, in granting her divorce, did not award her any of respondent's property or any of the community property or any sums for her support except only the sum of $25 per month therefor, commencing with the month of June 1942, and except that respondent was ordered to continue paying the sum of approximately $15 per month on a mortgage of approximately $489 on the small house in which she resides.

She avers that she has been informed by her attorney

and believes that she has good and substantial grounds for the modification of said decree on appeal and for the reversal of the order denying her motion for a new trial.

It appears from her affidavit that she has no means or property with the exception of approximately $200 and a small home in Stockton, California, upon which there is a mortgage of over $400. It likewise appears from her affidavit that she is not now and never has been employed; is not trained for employment; that she is and for some time has been in extremely poor health and under the care of a physician; that since the granting of said decree she has had to undergo a major operation; has not recovered therefrom and is unable to do any work whatsoever; that she is, and for some time has been, afflicted with several ailments, and that she is indebted and will be further indebted for doctor's bills and medicine in substantial amounts.

She alleged that by reason of the foregoing facts she has not sufficient funds to support herself, or provide for the ordinary necessities of life, or with which to prosecute an appeal. She further alleged that the sums claimed are necessary and reasonable for such purposes and that unless they are awarded to her she will be unable to prosecute her appeal. It also appears from her affidavit that respondent is capable of supporting her and paying the said sums; that he is employed by the Western Pacific Railroad Company at a salary of $360 per month and that his yearly earnings are approximately $3,600.

■ The facts alleged in appellants affidavit must be deemed established. Respondent filed no counter affidavit. He was contented to introduce in evidence at the hearing a transcript of remarks made by the district judge at the time of rendering the decree. Appellant has made out a case in which an order for allowances is necessary, and respondent's ability to pay is established.

■ We think the amount claimed for support during

the pendency of the appeal should be reduced. As seen, the lower court awarded her $25 per month for her support and maintenance, commencing with the month of June 1942, and ordered respondent to continue paying the sum of $15 on the mortgage on the house in which she lives. If the payment of these sums is continued during the pendency of the appeal, $50 per month additional would make up a reasonable amount for her support and maintenance during that time.

■■ The sum of $50 for preparation of the record on appeal is a reasonable sum. The claim of $300 for an attorney fee is too much.

It is ordered that respondent pay to appellant as a fee for her attorney the sum of $150, and the sum of $50 for the preparation of the record on appeal. It is further ordered that the payments ordered by the lower court for her support and maintenance and on said mortgage be continued during the pendency of the appeal, and in addition respondent pay to appellant for her support and maintenance during that time, the sum of $50 per month.